United States District Court
Middle District of Florida
Jacksonville Division

**UNITED STATES OF AMERICA**
*EX REL.* **JAMIE VARGAS,**

    *Plaintiff,*

v.                                                     NO. 3:16-cv-1329-BJD-PDB

**LINCARE, INC., AND OPTIGEN, INC.,**

    *Defendants.*

---

# Order

In this action under the False Claims Act (FCA), 31 U.S.C. § 3729, Jamie Vargas moves to file a new pleading and to extend the deadline to serve process. Docs. 59, 64. The defendants oppose the motions. Docs. 63, 65. The background is described in the parties' filings and not repeated here.

Under Federal Rule of Civil Procedure 4, "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). "But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." *Id.* Good cause exists only if an outside factor—for example, reliance on faulty advice but not inadvertence or negligence—prevented service. *Lepone-Dempsey v. Carroll Cnty. Comm'rs*, 476 F.3d 1277, 1281 (11th Cir. 2007).

Absent good cause, a court has discretion to extend the time. *Id.* Considerations may include the length and reasons for the delay, the relative hardships of the parties, receipt of actual notice, the expiration of a statute of limitations, eventual service, evasion of service, whether the plaintiff requested an extension from the court due to difficulties in perfecting service, and the plaintiff's diligence in pursuing service within the ninety-day period. *Cardenas v. City of Chi.*, 646 F.3d 1001, 1006–07 (7th Cir. 2011).

An FCA complaint "shall not be served on the defendant until the court so orders." 31 U.S.C. § 3730(b)(2). "The defendant shall not be required to respond to any complaint filed under this section until 20 days after the complaint is unsealed and served upon the defendant pursuant to Rule 4 of the Federal Rules of Civil Procedure." 31 U.S.C. §3730(b)(3).

If no amendment is permitted as a matter of course, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." *Id.* In other words, a court should permit amendment unless an "apparent or declared reason" justifies declining to permit amendment, "such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Here, the Court exercises its discretion to extend the time to serve process to March 19, 2021, considering the short length of the delay, the circumstances described by Vargas's counsel, and the statute of limitations. Service of process thus is considered timely.

The Court also exercises its discretion to permit Vargas to amend the pleading once more considering the liberal amendment standard, the deadlines in the case management and scheduling order, Doc. 80, and the preference for deciding claims on the merits. Vargas must file a new pleading by **September 17, 2021**, in accord with the proposed pleading, Doc. 59-1, and the supplemental allegations in the response to the motion to dismiss, Doc. 66, without adding claims. But Vargas is cautioned that the current proposed second amended complaint is an improper "shotgun pleading," at a minimum because paragraph 79 incorporates all preceding allegations. *See Barmapov v. Amuial*, 986 F.3d 1321 (11th Cir. 2021); *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291 (11th Cir. 2018); *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313 (11th Cir. 2015); *Paylor v. Hartford Fire Ins. Co.*, 748 F.3d 1117 (11th Cir. 2014); *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353 (11th Cir. 1997). **If Vargas files a shotgun pleading, the Court will strike it and may not permit further amendment**.

The defendants must respond to the new pleading within 21 days of its filing through CM/ECF. In exercising its discretion, the Court makes no decision on the merits of the arguments raised in the motion to dismiss. Doc. 63.

Thus,

1. the motion to extend the service deadline, Doc. 64, is **granted**;

2. the motion to file a new pleading, Doc. 59, is **granted**;

3. the motion to dismiss, Doc. 63, is **denied** as moot and without prejudice; and

4. the motion to stay discovery, Doc. 76, is **denied** as moot and without prejudice.

**Ordered** in Jacksonville, Florida, on September 8, 2021.

_____

PATRICIA D. BARKSDALE
*United States Magistrate Judge*